NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRANDON ALLEN, | : |
|     Petitioner | : Civ. No. 20-20127 (RMB) |
| v. | : **OPINION** |
| DAVID ORTIZ, | : |
|     Respondent | : |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Brandon Allen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), and supplemental motion to treat petition as an emergency motion. (Suppl. Mot., Dkt. No. 7.) Petitioner was a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey when he challenged the Bureau of Prison's ("BOP") calculation of his Time Credits under the First Step Act. (Pet., Dkt. No. 1.) On May 6, 2021, Respondent filed a letter request seeking dismissal of the petition as moot because Petitioner was released from BOP custody on April 30, 2021. (Letter Request, Dkt. No. 10.)[1]

Article III of the Constitution permits a federal court to

---

[1] The BOP inmate locator confirms Petitioner's release date. Available at www.BOP.gov/inmateloc/ (last visited May 7, 2021).

adjudicate "'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. Id. (quoting Lewis, 494 U.S. at 477-478)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477.)) "Incarceration satisfies the case or controversy requirement[;] [o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. The petition became moot upon Petitioner's release from BOP custody.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2241 as moot.

An appropriate Order follows.

Date: **May 14, 2021**

                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **UNITED STATES DISTRICT JUDGE**